IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH ANTONIO SANTOS : CIVIL ACTION
:
v. :
:
COMMONWEALTH OF PHILADELPHIA, PA, et al.: NO. 13-3130

M E M O R A N D U M

BARTLE, J. JULY 24, 2013

Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against the Judges of the Philadelphia Court of Common Pleas who were involved in his criminal case, the Pennsylvania State Police, the Commonwealth of Pennsylvania and the "Sex Offender Assessment". He is alleging that he has been sentenced numerous times for the same offense because he is required to comply with provisions of Pennsylvania's Megan's Law, 42 Pa.C.S.A. § 9799.11, et seq., that were not in effect at the time that he was originally sentenced.

For the following reasons, plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e).

A. Judicial Immunity

Judges have absolute immunity from § 1983 actions seeking money damages for actions performed in a judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978). Nothing in this complaint suggests that Judge Joan A. Brown and Judge C. Darnell Jones, II were acting outside of their judicial capacity in connection with plaintiff's criminal case. Therefore, plaintiff's claims against these defendants must be dismissed.

1

### B. Claims against the Commonwealth of Pennsylvania and the Pennsylvania State Police

The Eleventh Amendment to the United States Constitution prohibits actions for damages against a state in federal court unless the state has waived its immunity. U.S. Const. amend. XI; Edelman v. Jordan, 415 U.S. 651 (1974). Moreover, the United States Supreme Court has held that a "[a] state is not a person within the meaning of § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989). There is no waiver of state immunity applicable to this case. Accordingly, the claims against the Commonwealth of Pennsylvania and the Pennsylvania State Police will be dismissed.

### C. Megan's Law Reporting Requirements

Plaintiff is alleging that his constitutional rights have been violated because he is required to comply with provisions of Megan's Law that were not in effect at the time that he was sentenced in 1995. However, the registration and notification requirements of Megan's Law are not punitive and do not violate due process, the Ex Post Facto Clause or the Double Jeopardy Clause. Commonwealth v. Lee, 594 Pa. 266, 301 (Pa. 2007); see Smith v. Doe, 538 U.S. 84 (2003).

### D. Habeas Corpus Relief

Finally, in his prayer for relief, plaintiff is requesting release from incarceration, to have his police records expunged, release from probation or parole, and release from the reporting requirements of Megan's Law. Such requests may only be

brought in a petition for a writ of habeas corpus, not a 1983 action. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002). Here, plaintiff will not be given leave to amend because amendment would be futile, as he cannot cure the above deficiencies in his complaint.